UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF GOLDEN HELM SHIPPING CO. S.A., AS OWNER, AND OSAKA FLEET CO., LTD., AS MANAGER, OF THE M/V ATLANTIC VENUS PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * | CIVIL ACTION NO. 20-1453 SECTION JUDGE |
| * * * * * * * * | | MAG. |

**ORDER APPROVING PETITIONER'S LETTER
OF UNDERTAKING, DIRECTING ISSUANCE OF
<u>NOTICE AND RESTRAINING PROSECUTION OF CLAIMS</u>**

A Complaint having been filed hereon on 14 May 2020 by Golden Helm Shipping Co. S.A., as owner, and Osaka Fleet Co. Ltd., as manager, of the M/V ATLANTIC VENUS, for exoneration from or limitation of liability, pursuant to 46 U.S.C.§30501, *et seq.*, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Admiralty Rules"), for any loss, damage, injury, or deaths caused, occasioned or occurring as a result of the incident occurring on 8 May 2020, when the M/V NOMADIC MILDE allided with the M/V ATLANTIC VENUS at the Kenner Bend Anchorage, approximately Mile 114.8 AHP on the lower Mississippi River, and the M/V NOMADIC MILDE subsequently allided with the Cornerstone Chemical facility, approximately Mile 114.5 AHP on the lower Mississippi River, all as more fully set forth in the Complaint;

1

And the Complaint having stated that the value of Petitioners' interest in the said vessel and her pending freight/charter hire at the end of such voyage does not exceed NINE MILLION TWO HUNDRED EIGHTY-SEVEN THOUSAND FIVE HUNDRED EIGHTY-FOUR AND NO/100 ($9,287,584.00) UNITED STATES DOLLARS, as set forth in Petitioners' Verified Complaint.

And Petitioners having submitted to the Court as security for the benefit of claimants, a Letter of Undertaking dated 14 May 2020, not less than equal to the amount or value of Petitioners' interest in the said Vessel and the vessel's pending freight/charter hire in the sum of $9,287,584.00, with interest at six (6%) percent per annum from its date, executed by a duly authorized representative of the M/V ATLANTIC VENUS' protection and indemnity insurer, The Japan Ship Owners' Mutual Protection & Indemnity Association.

NOW, on motion of Murphy, Rogers, Sloss, Gambel & Tompkins, attorneys for Petitioners, it is ORDERED as follows:

1. The Declaration of Value of Petitioners' interest in the M/V ATLANTIC VENUS after the 8 May 2020 allision and her pending freight/charter hire in the combined amount not exceeding $9,287,584.00, and the undertaking filed hereby the Petitioner, be accepted as stipulation for value for the purposes of the limitation proceedings and that they be approved as to form, quantum and surety.

2. The above-described Letter of Undertaking deposited by the Petitioners with the Court for the benefit of claimants, in the sum of $9,287,584.00, with interest as

aforesaid, as security for the amount or value of the Petitioner's interest in the M/V ATLANTIC VENUS and her pending freight/charter hire, be and it is hereby approved.

3. Any claimant who may properly become a party hereto may contest the amount or value of Petitioners' interest in the M/V ATLANTIC VENUS and her pending freight/charter hire as fixed in the Declaration of Value, and may move the Court for a new appraisal of said interest, and may apply to have the amount increased or diminished, as the case may be, on determination of the Court for the amount of value of said interest.

4. A notice shall be issued by the Clerk of this Court to all persons asserting claims with respect to which the Complaint seeks limitation admonishing them to file their respective claims with the Clerk of this Court in writing, and to serve on the attorneys for the Petitioners a copy thereof on or before the __14th__ day of ____June____ 2020, or be defaulted, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, he shall file and serve on attorneys for Petitioners an answer to the Complaint on or before the said date, unless his claim has included an answer to the Complaint, so designated, or be defaulted.

5. The aforesaid notice shall be published in the New Orleans Times Picayune/New Orleans Advocate once a week for four successive weeks prior to the date fixed for the filing of claims, as provided by the aforesaid Supplemental Admiralty Rule F and copies of the notice shall also be mailed in accordance with the said Rule F.

6. The further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution thereafter of any and all suits,

actions, or proceedings, of any nature and description whatsoever in any jurisdiction, and the taking of any steps and the making of any motion in such actions, suits, or proceedings against Petitioners, as aforesaid, against the M/V ATLANTIC VENUS, her officers and crews, against any property of Petitioners, or against Petitioners' employees or underwriters except in this action, to recover damages for or in respect of any loss, damage, injury, or death occasioned or incurred as a result of the incident on 8 May 2020 when the M/V NOMADIC MILDE allided with the M/V ATLANTIC VENUS at the Kenner Bend Anchorage, approximately Mile 114.8 AHP on the lower Mississippi River, and the M/V NOMADIC MILDE subsequently allided with the Cornerstone Chemical facility, approximately Mile 114.5 AHP on the lower Mississippi River, all as more fully set forth in the Complaint, be and it hereby is restrained, stayed and enjoined until the hearing and determination of this action.

7. The current arrest of the M/V ATLANTIC VENUS in Civil Action No. 2:20-cv-1411, entitled "Cornerstone Chemical Company v. M/V NOMADIC MILDE, *et al*", United States District Court for the Eastern District of Louisiana, is hereby lifted upon the Petitioners depositing the above described $9,287,584.00 Letter of Undertaking, with interest as aforesaid, with the Court for the benefit of all claimants in this Limitation Action.

8. Service of this Order as a restraining order may be made through the Post Office by mailing a conformed copy thereof to the person or persons to be restrained, or to their respective attorneys, or alternatively by hand delivery or e-mail.

New Orleans, Louisiana, this \_\_15th\_\_ day of _____May_____, 2020.

_____
UNITED STATES DISTRICT JUDGE